State vs. Walls, Alias Banks, et als.

No. 13,442.

STATE OF LOUISIANA VS. THOMAS WALLS, ALIAS BANKS, ET ALS.

## SYLLABUS.

An act of jurors indicating a disregard of the solemn duty imposed upon them,
and a disregard of the solemnity of their oaths, will justify the setting aside
of the verdict and the granting of a new trial. (State vs. White, 48th Ann.,
1445.)

APPEAL from the Eleventh Judicial District Court, Parish of
Acadia.—*Dupre, J.*

*Milton J. Cunningham,* Attorney General, and *R. Lee Garland,*
District Attorney, for Plaintiff, Appellee.

*Joseph G. Medlenka* and *James L. Dorman* for Defendants, Appellants.

## STATEMENT OF FACTS.

The opinion of the court was delivered by

NICHOLLS, C. J. The five defendants, appellants herein, Thomas
Walls, *alias* Banks, Martin Jones, *alias* Mayfield, Joseph Sires, Robert
West and Frere LeBleau, were indicted for the murder of Ambroise
Buchanan.

The jury returned an unqualified verdict of guilty of murder as to
Thomas Walls, and a verdict of guilty, without capital punishment, as
to the other four, and under the verdict, Walls was sentenced to be
hanged, and the other four to life imprisonment in the State peniten-
tiary.

They have appealed, after an unsuccessful effort to obtain a new
trial, in which they assigned as reasons therefor:

"1st.—That while the jury was taking a recess in the court-house
yard, one of the jurors, W. E. Crockett, made a statement in the
hearing of defendants' counsel, and in a tone of voice loud enough so
the balance of the jury could hear, 'That the lawyers for those niggers
better stop asking so many foolish questions.'

"2nd.—That shortly afterwards the jury returned to the court-room and the trial was resumed. That during the progress of the examination of witnesses for the defense, and only forty-five minutes after the defense had opened its side, the District Attorney remarked to the defendants' counsel, that one of the jurors requested that we, defendants' counsel, hurry up. That they, the jurors, wanted to get home. On a reply by one of the defendants' counsel, that they were not delaying the trial, but were anxious to get through, the District Attorney reiterated his former remarks in a sincere manner, that one of the jurors made, the request that we hurry up, as they wanted to get home.

"3rd. That the next day being Sunday, the jurors made no secrecy of their desire to rush the trial through, regardless of the consequences to the defendants, who were on trial for a grievous offense, and whose lives hung by a thread, and depended upon a fair and unbiased decision or verdict from the said jurors.

"4th.—That said conversation with the District Attorney, a third party, was prejudicial to the defendant, for the reason that it was a comment on the manner of conducting of trial by the defendants' counsel."

In view of these facts, accused averred that the actions and remarks set forth and attributed to the jurors showed a wanton disregard for the responsibilities that rested upon them; that they were prejudiced, biased, and unwilling that the accused parties should have a fair and impartial trial, and that, therefore, the said accused parties did not receive a fair and impartial trial; that the remarks were an improper reference to conduct of said trial by the defense, and they were entitled to a new trial, and so prayed.

OPINION.

We are of the opinion that the overruling, by the District Court, of the motion for a new trial, was an error. Defendants were clearly entitled to have the verdict set aside. The district judge states:

"That, in his opinion, defendants had a fair and impartial trial. The misconduct of the juror complained of could not, and did not, prejudice the accused.

"After being charged, the jury remained over fifty minutes deliberating upon a verdict, which goes to show that they went over the

entire case before arriving at a verdict. It was a very intelligent jury, and I am certain did their duty, as they understood it, without prejudice to the accused.

"While it is true the case did not consume much time in being tried, this was owing to the insufficiency of evidence on the part of the defendants, which was of a negative character. If I believed any injustice had been done these accused parties, I would gladly relieve them, but being convinced to the contrary I am powerless so to do."

We are always reluctant to reverse a judgment and set aside the verdict of a jury when the District Court has refused a new trial, and declared the verdict sustained by the law and evidence, but we can not view matters in this particular instance as the District Court did.

It is unfortunate, if these defendants be really guilty, that the administration of justice should have been impeded by those whose duty it was to have enforced the law, but a verdict rendered under the circumstances, under which this verdict is shown to have been returned, should not be permitted to stand, no matter how guilty the parties may be in fact.

In State vs. White, 48 Ann., 1445, we said that "any act of jurors indicating a disregard of the solemn duty imposed upon them, and a disregard of the solemnity of their oaths, will be sufficient to avoid the verdict," and in State vs. Fourchy, 51 Ann., 251, that "it is much better that a defendant, even if guilty, should be afforded a new trial, than that the verdict and sentence against him should stand with a doubt attached to the conviction; that the State, in securing it, had not afforded to the accused all the legal and constitutional privileges to which he was entitled."

One of the most important rights to which an accused party is entitled is to be tried by an impartial and fair jury. A verdict rendered by a jury under conditions such as to carry with it a doubt as to its sincerity, impartiality, and correctness, and as to its having been returned under a proper sense of official responsibility, should not, as we said in the Fourchy case, be upheld.

For the reasons assigned it is hereby ordered, adjudged and decreed that the verdict of the jury be set aside, and the judgment therein rendered be and the same is hereby annulled, avoided and reversed, and the cause remanded to the lower court for further proceedings, according to law, the accused parties to be held in custody to await the final result.